IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD DANIELS, et al.,

          Plaintiffs,

v.                                                                        CIVIL ACTION NO. 2:11-cv-00045

JP MORGAN CHASE & CO., et al.,

          Defendants.

**ORDER**

Pending before the court are the defendants' Motion to Dismiss Count II of the Complaint [Docket 6] and the defendants' Amended Motion to Dismiss Count II of the Complaint [Docket 9]. Also pending before the court is the plaintiffs' Response in Opposition to the Motion to Dismiss Count II [Docket 13], which the court will construe in part as a motion for leave to amend the Complaint. For the reasons set forth below, the plaintiffs' request for leave to amend the Complaint is **GRANTED.** The defendants' motions are **DENIED** as moot.

**I.     Background**

This dispute arises out of the servicing of a loan agreement between the plaintiffs, Donald and Annetta Daniels, and the defendants. On December 20, 2010, the plaintiffs filed suit against the defendants in the Circuit Court of Boone County, West Virginia. The Complaint contains only a sparse recitation of the underlying facts, however, it asserts that the defendants, after learning that the plaintiffs were represented by counsel with respect to the underlying loan, continued to contact the plaintiffs directly. The plaintiffs assert that this conduct not only violated the West Virginia

Consumer Credit and Protection Act (the "WVCCPA"), but also constituted an independent tort of "negligent and reckless misconduct." (Compl. ¶¶ 22-26.)

On January 20, 2011, the defendants timely removed the action to this court on the grounds of complete diversity between the parties pursuant to 28 U.S.C. § 1332. On January 27, 2011, the defendants moved to dismiss Count II of the Complaint, the negligent and reckless misconduct claim, on the grounds that Count II is barred by the WVCCPA, or, in the alternative, that Count II fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket 6]. On February 7, 2011, the defendants filed an Amended Motion to Dismiss Count II [Docket 9], which was identical to the original motion save for the addition of three paragraphs detailing the applicable standard of review.[1] On February 23, 2011, the court issued a Scheduling Order [Docket 12]. On February 28, 2011, the plaintiffs filed a Response in Opposition [Docket 13]. In their motion, the plaintiffs assert that Count II, which states a claim upon which relief can be granted, is not barred by the WVCCPA. In the alternative, the plaintiffs request that they be allowed to amend their Complaint to include factual allegations in support of Count II. As the defendants failed to reply, this matter is now ripe for review.

**II.** **Analysis**

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings before trial and Rule 15(a)(2) allows parties to amend their pleadings after obtaining leave from the district court. Fed. R. Civ. P. 15(a). Once a court issues a scheduling order, however, Rule 16(b)

---

[1] The defendants did not request leave from the court to file the amended motion, nor did they cite any authority for filing an amended motion without requesting leave.

provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

In the present case, the defendants have not opposed the plaintiffs' request for leave to amend their Complaint. Moreover, the plaintiffs' request is timely, as it was filed twenty-one days of service of the defendants' Amended Motion to Dismiss Count II. Thus, even under Rule 16(b), the plaintiffs have shown good cause to amend their Complaint to include additional factual allegations. Accordingly, the plaintiffs' request for leave to amend is **GRANTED**.

### IV. Conclusions

For the foregoing reasons, the plaintiffs' request for leave to amend the Complaint is **GRANTED**. The court **ORDERS** that the plaintiffs file an Amended Complaint within fourteen days of the entry of this order. The defendants' motions are **DENIED** as moot. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 7, 2011

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge