IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD DANIELS, et al.,

                Plaintiffs,

v.                                          CIVIL ACTION NO. 2:11-cv-00045

JP MORGAN CHASE & CO., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Dismiss Count II of the Amended Complaint [Docket 21]. For the reasons explained below, the Motion is **GRANTED**.

**I.    Background**

The present suit arises from allegations by the plaintiffs, Donald and Annetta Daniels, that the defendants violated the West Virginia Consumer Credit and Protection Act ("WVCCPA"), and negligently serviced their mortgage. The plaintiffs filed their Complaint on December 20, 2010 in the Circuit Court of Boone County, West Virginia. On January 20, 2011, the defendants timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The plaintiffs refinanced their mortgage through the defendants in September 2008. In June 2009, the plaintiffs became delinquent in their mortgage payments, and gave the defendants actual notice that they were represented by counsel in regard to their mortgage debt. The defendants subsequently foreclosed on the mortgaged property. The plaintiffs allege that, even after foreclosure,

the defendants continued to contact the plaintiffs directly by mail in an attempt to collect the plaintiffs' debt, even though the defendants knew that the plaintiffs were represented by counsel.

The plaintiffs allege that on October 14, 2009, the defendants sent them a "Notice of Placement of Hazard Insurance," which stated that the defendants had purchased hazard insurance on the foreclosed property at the expense of the plaintiffs. (Am. Compl. [Docket 16], at ¶ 19.) The plaintiffs allege that on November 10, 2009, the defendants mailed the plaintiffs notice of the expiration of the "Making Home Affordable Modification Trial Plan Offer." (Id., at ¶ 20.) The plaintiffs allege that on May 21, 2010, the defendants mailed a document entitled "Act Now to Avoid Foreclosure" which requested, "mortgage payment(s) totaling $10,395.32 for 14 months(s), plus late charges of $180.00 are past due," and warned that if "payment is not received by 05/31/2010, you could lose your home." (Id., at ¶ 21.) The plaintiffs allege that on June 8, 2010, the defendants mailed a notice of default which stated that failure to cure the default within thirty-two days would result in acceleration of the loan. (Id., at ¶ 22.) The plaintiffs allege that on July 18, 2010, the defendants mailed an additional "Notice of Placement of Insurance." (Id., at ¶ 23.)

On January 27, 2011, the defendants filed a Motion to Dismiss Count II of the Complaint [Docket 6]. The defendants filed an Amended Motion to Dismiss Count II [Docket 9] on February 7, 2011. On February 28, 2011, the plaintiffs responded, and requested leave to amend their Complaint to include necessary factual allegations in support of Count II [Docket 13]. On April 7, 2011 this Court granted the plaintiffs leave to amend their Complaint and denied as moot the defendants' motions to dismiss Count II. (Ord. [Docket 14]) On May 10, 2011, the defendants filed a Motion to Dismiss Count II of the Plaintiffs' Amended Complaint, asserting that Count II fails to state a claim for which relief may be granted, and in the alternative, that Count II is barred by the

WVCCPA. (Defs.' Mot. Dismiss Count II Plfs.' Am. Compl. [Docket], at 5.) The plaintiffs respond that the common law claims in Count II are distinct from the WVCCPA claims in Count I and thus not barred by the statutory provisions of the WVCCPA.

Count I of the Amended Complaint contains allegations that the defendants violated several provisions of the WVCCPA. (Am. Compl. [Docket 16], at ¶ 19.) The plaintiffs allege that the defendants made false representations as to the character and amount of the plaintiffs' debt in violation of W. Va. Code § 46A-2-124; represented that the plaintiffs' existing obligation may be increased by attorney's fees and other costs in violation of W. Va. Code § 46A-2-127; sent letters with the intent to annoy and harass the plaintiffs in violation of W. Va. Code § 46A-2-128; and contacted the plaintiffs directly rather than through counsel in violation of W. Va. Code § 46A-2-128. (Id., at ¶¶ 33-36.)

Count II of the Amended Complaint asserts that the defendants acted in a reckless, willful and wanton manner, in breach of the defendants' duty to the plaintiffs. (Am. Compl. [Docket 16], at ¶ 19.) The plaintiffs allege that the defendants negligently and recklessly managed the plaintiffs' loan account, attempted to collect on a past liability by placing insurance on the nonexistent debt, and made materially false statements regarding the debt to third parties, including, but not limited to, credit reporting agencies. (Id., at ¶ 40.)

## II.    Motion to Dismiss Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in

*Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).

To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.* In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**III.  Analysis**

The defendants argue that Count II must be dismissed because the claims therein are duplicative of those in Count I, and, therefore, the sole remedies available to the plaintiffs exist under

the WVCCPA. (Defs.' Mot. Dismiss Pls.' Am. Compl. [Docket 21], at 1.) Further, the defendants argue that the plaintiffs cannot maintain a common law action for negligence based on the facts alleged in the Amended Complaint.

The defendants argue that the plaintiffs' common law negligence claim is precluded by the WVCCPA. The WVCCPA does not preclude common law claims against a lender so long as the claims exist separate from the provisions of the statute. *See Casillas v. Tuscarora Land Co.*, 412 S.E.2d 792, 795 (W. Va. 1991). Therefore, to survive a Rule 12(b)(6) motion to dismiss, the plaintiffs' common law action for negligence must be actionable apart from the WVCCPA. To maintain a negligence claim against the servicer arising out of the acts that form the basis for the WVCCPA claims in Count I, "the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Strahin v. Cleavenger*, 603 S.E.2d 197, 205 (W. Va. 2004). The legal duty necessary to maintain an action for negligence may arise because of a special relationship between the parties, and in the context of a lender-borrower relationship, courts may determine that a special relationship exists when a lender has performed services not normally provided by a lender to a borrower. *Glascock v. City Nat'l Bank of W. Va.,* 576 S.E.2d 540, 545–56 (W. Va. 2002). None of the allegations in the Amended Complaint suggest the existence of the special relationship necessary to support recovery in tort actionable apart from the WVCCPA.

The factual allegations in Count II are actionable under the WVCCPA, which provides the sole remedy for the plaintiffs. The plaintiffs allege that the defendants "made materially false statements about the plaintiffs to third parties, including but not limited to credit reporting agencies, inaccurately indicating that the plaintiffs were delinquent in tendering required installment payments

on their loan account." (Am. Compl.[Docket 16], ¶ 40.) The WVCCPA provides consumers with a remedy against debt collectors who have published information concerning a consumer's debt to parties other than Credit Reporting Agencies. W. Va. Code § 46A-2-126(c). Further, the WVCCPA prohibits debt collectors from making false accusations to third parties or credit reporting agencies in order to threaten or coerce an alleged debtor. W. Va. Code § 46A-2-124(c). The plaintiffs further allege that the defendants' attempt to collect the alleged debt by purchasing an insurance policy in the plaintiffs' name on the foreclosed property constitutes a common law action in tort. (Am. Compl., [Docket 16] at ¶ 40.) Even taking these allegations as true, the plaintiffs' remedy exists solely under § 46A-2-124(c). The WVCCPA also prohibits a lender from making "any false representation or implication of the character, extent or amount of a claim against a consumer." W. Va. Code § 46A-2-127(d). The plaintiffs have failed to plead any claims in Count II that are actionable independent of the WVCCPA. Accordingly, the defendants' Motion to Dismiss Count II of the Amended Complaint is hereby **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      June 21, 2011

                _____
                Joseph R. Goodwin, Chief Judge